**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, ) | No. CV 10-2002-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| United States Department of Justice, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff Michael Petramala brings this action against the United States Department of Justice and Attorney General Eric Holder for claims related to his inclusion in the National Instant Criminal Background Check System. The court has before it defendants' motion to dismiss (doc. 12), plaintiff's response (doc. 13), and defendants' reply (doc. 14).

**I**

The Gun Control Act of 1968 ("GCA") imposes restrictions on the possession of firearms. 18 U.S.C. § 921 et seq. The Attorney General established the National Instant Criminal Background Check System ("NICS") to determine if a person is legally allowed to possess a firearm under the GCA. It is unlawful for a person "who has been adjudicated as a mental defective" to possess a firearm. 18 U.S.C. § 922(g)(4). "Adjudicated as a mental defective" is defined as:

> (a) A determination by a court, board, commission, or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition, or disease:

> (1) Is a danger to himself or others; or
> (2) Lacks the mental capacity to contract or manage his own affairs.

27 C.F.R. § 478.11.

The Superior Court of Arizona in Maricopa County has determined multiple times that plaintiff is mentally incompetent. In 2004, the court found the plaintiff was "unable to understand the nature of the proceedings and/or is unable to assist counsel in [his] defense, and is therefore criminally incompetent, pursuant to A.R.S. Section 13-4517(3)." MTD, ex. A at 5. In 2007, the court found that plaintiff "is an incapacitated person as defined by statute and that the appointment of a guardian and conservator is necessary to provide for his demonstrated needs." Reply, ex. 1 at 1. One year later, the court found that he remained incapacitated and continued to be in need of a guardian. Reply, ex. 2 at 1. At that time, it also ordered plaintiff not to possess firearms. Id. at. 3. Therefore, the plaintiff's name has been included in NICS because he "has been adjudicated as a mental defective" under 18 U.S.C. § 922(g)(4).

The plaintiff seeks an order declaring 18 U.S.C. § 922(g)(4) and/or 27 C.F.R. § 478.11 unconstitutional as applied to him. He also seeks an order removing him from NICS. In addition, plaintiff claims he is disabled and his inclusion in NICS violates the Americans with Disabilities Act ("ADA").

Defendant argues these claims should be dismissed because plaintiff has named the wrong parties, he lacks standing, his claims are barred by sovereign immunity, and he has failed to state a claim upon which relief can be granted.

We conclude that the defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., should be granted because plaintiff has failed to state a claim upon which relief can be granted. Factual allegations are completely absent from plaintiff's complaint; as a result, he fails to meet the pleading standard of plausibility articulated in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct.

1937, 1949 (2009). Plaintiff's claims are not facially plausible and amount to little more than conclusory allegations of harm.

Even if plaintiff were to include more facts in his complaint, dismissal would still be proper. The statute and regulations are constitutional as applied to plaintiff and there is no cause of action under the ADA.

**II**

Plaintiff seeks an order that 18 U.S.C. § 922(g)(4) and/or 27 C.F.R. § 478.11 are unconstitutional, but fails to support his request with any authority or argument. He relies on the equal protection component of the Due Process Clause of the Fifth Amendment, but provides no analysis of why this clause might apply. The Fifth Amendment does not provide a basis for finding § 922(g)(4) or § 478.11 unconstitutional, nor does the Second Amendment or any other provision of the United States Constitution.

Plaintiff admits in his response that he has a mental illness but objects to being labeled a mental defective. While he objects to the term, he falls squarely within the definition of 18 U.S.C. § 922(g)(4) as one who had been adjudicated as a mental defective due to mental illness or incompetency. A court found plaintiff criminally incompetent, appointed a guardian to manage his affairs because it found him incapable of providing for his own needs, and implicitly found that he posed a danger to himself or others by ordering him not to possess a firearm. While plaintiff focuses on § 922(g)(4)(a)(1) and argues that he is not a danger to himself or others, such a finding is not necessary to classify him as a mental defective. Because he has been found incompetent to manage his own affairs, he has been adjudicated as a mental defective within the meaning of the statute.

The statute and accompanying regulations lawfully restrict the possession of firearms by mentally ill individuals. The Supreme Court has acknowledged that the Second Amendment right to bear arms is limited, and recognized that "longstanding prohibitions on the possession of firearms by felons and the mentally ill" are valid. District of Columbia v. Heller, 554 U.S. 570, 626, 128 S. Ct. 2783, 2816-17 (2008). Thus, the statute and regulations are constitutional as applied to plaintiff because they place a constitutionally valid limitation

- 3 -

on his possession of firearms.

### III

Any claim plaintiff has under the ADA must also be dismissed. Plaintiff does not indicate which provisions of the ADA he believes have been violated here. He asserts that he has a mental illness but does not pose a danger to himself or others, and apparently believes that his inclusion in NICS thus violates his right to be free from discrimination under the ADA. The ADA does protect a disabled person's right to be free from discrimination in the provision of services by a "public entity"; however, the federal government, federal agencies, and federal officials are not public entities under this statute. 42 U.S.C. § 12131(1). In addition, while the ADA also prohibits disability-based discrimination in employment, the federal government is specifically excluded from the definitions of "employer" and "covered entity." 42 U.S.C. §§ 12111(5)(B)(i), 12111(2). Therefore, even if plaintiff were to amend his complaint, he could not have a cause of action under the ADA against the defendants or the United States.

### IV

**IT IS THEREFORE ORDERED GRANTING** defendants' motion to dismiss plaintiff's claims with prejudice in their entirety (doc. 12). Any amendment to the complaint would be futile.

We urge plaintiff to seek the advice of a lawyer who may explore other avenues. If he does not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 2nd day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge