IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Petramala, | ) | No. CV 10-2002-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States Department of Justice, et al., | ) | |
| Defendants. | ) | |

We have before us plaintiff's motion to alter or vacate judgment and make factual findings pursuant to Rules 52 and 59 and stay/request to remove Petramala from NICS pending appeal (doc. 19).

**I**

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Mere disagreement with the court's ruling does not support a Rule 59(e), Fed. R. Civ. P., motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Similarly, there is a high bar for reconsideration under Rule

52(b), Fed. R. Civ. P. A motion under Rule 52(b) to amend findings or make additional findings should be granted only when there is "a substantive change of mind by the court." Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983).

The plaintiff has failed to put forward evidence meriting a reconsideration under either Rule 59(e) or 52(b). He has not presented any evidence which has been discovered since we ruled on defendants' motion to dismiss. There has not been an intervening change in controlling law. Nor have we committed clear error or had a substantive change of mind.

## II

All allegations regarding plaintiff's Title 14 hearing involve facts known to him when he filed his complaint. Hence, there is no newly discovered evidence. Once again, plaintiff argues that he is not a danger to himself or others and should therefore be allowed to possess a firearm. However, as we stated in our order dismissing plaintiff's case, such a finding is not necessary to be "adjudicated as a mental defective" under 18 U.S.C. § 922(g)(4).

## III

**IT IS ORDERED DENYING** plaintiff's motion to alter or vacate judgment and remove him from NICS. (Doc. 19).

We again urge plaintiff to seek the advice of a lawyer who may explore other avenues. If he does not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 13th day of September, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge